IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09–cv–01187-CMA-KMT

STEPHEN W. LENIOR, and
HEATHER ELIZABETH LENIOR, husband and wife,

     Plaintiffs,

v.

UNITED STATES OF AMERICA, d/b/a EVANS ARMY COMMUNITY HOSPITAL, Ft. Carson, Colorado,
AMERICAN HOSPITAL SERVICES GROUP, INC.,
GAYLE HUMM, M.D.
ROBERT SCHIERMEYER, M.D.,
KENNETH KIME, M.D.,
CYRUS PARTINGTON, M.D.,
PATRICK PINEAU, M.D.,
EMILY CHENG, M.D.,
CHRISTIAN EDWARDS, M.D.,
NELSON SAWYER, M.D., and
WARREN D. McDONALD, N.P.,

     Defendants.

**ORDER and RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Kathleen M. Tafoya**
**United States Magistrate Judge**

This matter is before the court on plaintiffs' request contained in their "Complaint for Personal Injuries and Damages Based on Negligence" [Doc. No. 1, filed May 22, 2009] for a temporary stay. Pursuant to the District Court's Order of Reference to United States Magistrate Judge [Doc. No. 2], this court is empowered to "[c]onvene a scheduling conference under

Fed.R.Civ.P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2" [*Id.* at ¶ 1] and to "[c]onduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause." [*Id.* at ¶ 2.] Pursuant to that authority this Court considers Plaintiffs' request "[f]or a temporary stay of proceedings until: the appropriate federal agency responds to the SF 95 FTCA Notice of Claim and the United States Attorney General certifies that the United States of America may be liable for the injuries and damages to plaintiffs; or until the appropriate federal agency does not respond within 6 months; or the United States Attorney General denies that the United States of America may be liable for the injuries and damages to plaintiffs." [Compl. at 8.]

In a lawsuit against the United States or an agency of the United States, the United States must waive its sovereign immunity and consent to suit in order for a court to exercise subject matter jurisdiction over the case. *See, e.g., United States v. Mitchell*, 463 U.S. 206, 212 (1983); *Lonsdale v. United States*, 919 F.2d 1440, 1442-44 (10th Cir. 1990). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). "The federal court derives its jurisdiction to entertain claims for damages against the United States" from Section 2675(a) of 28 U.S.C., the Federal Tort Claims Act ("FTCA"). *Bradley v. United States by Veterans Admin.*, 951 F.2d 268, 270 (10th Cir. 1991).

The statute of limitations regarding tort claims against the United States requires that such claim be "presented in writing to the appropriate Federal agency within two years after such

claim accrues" or within six months after a notice of denial of the claim is mailed by the petitioned agency. 28 U.S.C. § 2401(b). Plaintiff may not <u>bring suit</u> against the United States until the agency at issue denies the claim presented or until the passage of six months after presentation of the claim. 28 U.S.C. § 2675(a)(emphasis added) ("The failure of an agency to make final disposition of a claim within six month after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim . . . .").

"As a jurisdictional prerequisite, the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) (citations omitted); *McNeil v. United States*, 508 U.S. 106, 113, (1993) (holding "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies"); *Pipkin v. USPS*, 951 F.2d 272, 273 (10th Cir.1991) (holding exhaustion of administrative claims is jurisdictional prerequisite to asserting claims under FTCA). Accordingly, Plaintiffs bear the burden of establishing that they properly exhausted administrative remedies with regards to their FTCA claims, thereby properly invoking waiver of federal sovereign immunity, in order for the Court to exercise subject matter jurisdiction.

Further, in the Tenth Circuit the law is clear that a premature complaint, filed before the exhaustion requirement of the FTCA is complete, "cannot be cured through amendment, but instead, plaintiff must file a new suit." *Duplan* at 1199. "Allowing claimants generally to bring suit under the FTCA before exhausting their administrative remedies and to cure the jurisdictional defect by filing an amended complaint would render the exhaustion requirement

meaningless and impose an unnecessary burden on the judicial system. *Id.* (citing *Sparrow v. USPS*, 825 F. Supp. 252, 255 (E.D. Cal. 1993)). "'"Congress intended to require complete exhaustion. . . before invocation of the judicial process."'" *Id.* (quoting *McNeil*, 508 U.S. at 112).

Section 14.2 of 28 C.F.R. governs the presentation of an administrative claim. A claim is considered presented when the agency "whose activities gave rise to the claim" receives "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain . . . ; and the title or legal capacity of the person signing . . . ." 28 C.F.R. § 14.2(a), (b)(1).

The Complaint states, ". . .plaintiffs have prepared requisite SF 95 FTCA Notice of Claim and have served the same upon the appropriate Federal agencies." (Compl. at 3.) The Complaint does not state when that service was made. However, the Complaint continues by stating that the responding agencies have six months to make certain determinations pursuant to the Notice of Claim. Finally, as noted above, the plaintiffs request a stay of the proceedings until the agencies respond to the Notice of Claim, etc. Therefore, it is plain from the face of the Complaint that while the plaintiffs may have presented their claims to the federal agencies, they have improperly filed suit prior to receiving an agency denial of the claim presented or until the passage of six months after presentation of the claim pursuant to Title 28 U.S.C. § 2675(a).

This court has a duty to recognize and act upon deficiencies in subject matter jurisdiction *sua sponte*. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988); *see also* Fed. R. Civ. P. 12(h)(3) ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action").

It is therefore **ORDERED**

Plaintiffs' request "for a temporary stay of proceedings until: the appropriate federal agency responds to the SF 95 FTCA Notice of Claim and the United States Attorney General certifies that the United States of America may be liable for the injuries and damages to plaintiffs; or until the appropriate federal agency does not respond within 6 months; or the United States Attorney General denies that the United States of America may be liable for the injuries and damages to plaintiffs" is **DENIED**.

Further, for the foregoing reasons, I respectfully **RECOMMEND** that this case be dismissed for lack of subject matter jurisdiction.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 15th  day of June, 2009.

                                              **BY THE COURT:**

                                              */s/ Kathleen M. Tafoya*
                                              Kathleen M. Tafoya
                                              United States Magistrate Judge