IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 09-cv-01187-CMA-KMT

STEPHEN W. LENIOR, and
HEATHER ELIZABETH LENIOR, husband and wife,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,
   d/b/a EVANS ARMY COMMUNITY HOSPITAL, Ft. Carson, Colorado,
AMERICAN HOSPITAL SERVICES GROUP, INC.,
GAYLE HUMM, M.D.,
ROBERT SCHIERMEYER, M.D.,
KENNETH KIME, M.D.,
CYRUS PARTINGTON, M.D.,
PATRICK PINEAU, M.D.,
EMIGH CHENG, M.D.,
DAVID HULL, M.D.,
CHRISTIAN EDWARDS, M.D.,
NELSON SAWYER, M.D., and
WARREN D. McDONALD, N.P.,

    Defendants.

---

**ORDER AFFIRMING IN PART AND REJECTING IN PART JUNE 12, 2009
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
OF UNITED STATES MAGISTRATE JUDGE**

---

This is a medical malpractice suit against the United States and other defendants. The matter is before the Court on the June 12, 2009 Recommendation of the Magistrate Judge that the case be dismissed for lack of subject matter jurisdiction (Doc. # 3).

On June 26, 2009, Plaintiffs filed an objection to this recommendation (Doc. # 4). In light of the objection, the Court has conducted the requisite de novo review of the issues, the recommendation, and Plaintiffs' objections.

Plaintiffs filed their complaint on May 22, 2009, under the Federal Tort Claims Act ("FTCA"), alleging personal injuries and damages based on Defendants' medical malpractice (Doc. # 1).[1] The Court referred the case to the Magistrate Judge on May 27, 2009. (Doc. # 2.) Pursuant to the Order of Reference, the Magistrate Judge considered Plaintiffs' request, within their complaint, for a temporary stay of proceedings to await the federal government's response to their simultaneously filed administrative complaint. In that context the Magistrate Judge evaluated, *sua sponte*, whether the Court had subject matter jurisdiction over Plaintiffs' claims. *See Lindstrom v. United States*, 510 F.3d 1191, 1193 (10th Cir. 2007) ("a federal court must, *sua sponte*, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings . . .") (citation omitted).

The Magistrate Judge determined – as was evident from Plaintiffs' request for a stay – that Plaintiffs had not exhausted their administrative remedies, as they must before filing suit against the United States under the FTCA. *Duplan v. Harper*, 188 F.3d 1195, 1199 (10th Cir. 1999) ("the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). The Magistrate Judge

---

[1] The FTCA represents a limited waiver to the doctrine of sovereign immunity. *See Feres v. United States*, 340 U.S. 135, 139 (1950) ("The Tort Claims Act . . . marks the culmination of a long effort to mitigate unjust consequences of sovereign immunity from suit").

2

thus concluded that the Court did not have subject matter jurisdiction over Plaintiffs' claims.  (Doc. # 3 at 4, 5.)

In their objections, Plaintiffs concede that their claim against the United States is premature and thus do not protest the dismissal of that claim.  Plaintiffs, however, argue that their claims against the remaining defendants – a group of doctors, a nurse practitioner, and a staffing company – (hereinafter "Defendants") are not barred by the FTCA's requirement that claimants first exhaust administrative remedies.  (Doc. # 4.)

Plaintiffs point to their complaint, which asserted two means by which the Court may have jurisdiction.  First, under 28 U.S.C. § 1346(b) (the jurisdictional hook for the FTCA) and, second, under 28 U.S.C. § 1332(a)(1), because of complete diversity of citizenship with an amount in controversy over $75,000.  Although Plaintiffs concede that jurisdiction is lacking under the FTCA – because of their failure to exhaust administrative remedies – Plaintiffs assert jurisdiction is proper under 28 U.S.C. § 1332(a)(1).  (Doc. # 4.)

Plaintiffs make no effort to explain their theory; nonetheless, the Court understands it as follows.  Even granting that their claims are barred under the FTCA, Plaintiffs assert the Court may still have jurisdiction against the Defendants because the complaint satisfies the requirements under 28 U.S.C. § 1332(a)(1).  There is complete diversity – Plaintiffs are from Tennessee and Defendants from Colorado – and the amount in controversy is over $75,000.  The FTCA is a statutory vehicle by which federal courts may hear common law tort claims against the United States.  But with or

without that vehicle, Plaintiffs substantive claim against Defendants remains the same--a theory of negligence for medical malpractice.  And with or without that vehicle, Colorado substantive law would apply.  *Compare Flynn v. United States*, 902 F.2d 1524, 1527 (10th Cir. 1990) (In suits under the FTCA, "[t]he court must apply the law of the place where the alleged negligence occurred.") with *Commerce Bank, N.A. v. Chrysler Realty Corporation*, 244 F.3d 777, 780 (10th Cir. 2001) ("A federal court sitting in diversity applies the substantive law . . . of the forum state.") (citation omitted).

The means by which this Court has jurisdiction, however, is necessarily dependent on the employment status of the alleged tortfeasors.  If the Defendants are federal employees, then the Court would *not* have jurisdiction, because (1) the FTCA is the exclusive remedy by which plaintiffs can sue the United States for negligent acts of its employees committed within the scope of their employment, and (2) to bring suit under the FTCA, one must first exhaust administrative remedies, which Plaintiffs concede they have not done.  28 U.S.C. § 2679(b)(1); 28 U.S.C. § 2675(a).

If the Defendants, however, are independent contractors, the Court may have jurisdiction under 28 U.S.C. § 1332(a)(1).  In this case, Plaintiffs' recovery would be limited to the Defendants' individual assets, *i.e.*, Plaintiffs could not collect from the federal treasury.

The question of whether Defendants are independent contractors or federal employees is a question of law.  *See Woodruff v. Covington*, 389 F.3d 1117, 1126-1128

(10th Cir. 2004).  At this time, however, the Court lacks sufficient evidence to answer the question.  Nonetheless, the above-cited law compels several rulings.

First, to the extent the other Defendants are being sued under the FTCA, the case against them must be dismissed because Plaintiffs have not exhausted their administrative remedies.  *See Duplan,* 188 F.3d at 1199.  And second, to the extent Plaintiffs' lawsuit is proceeding against the other Defendants in their private capacity as independent contractors, the suit will, at this point, survive the Magistrate Judge's scalpel, *provided* Plaintiffs file an amended pleading making explicit their theory of jurisdiction and alleging facts that would enable this Court to determine whether the other Defendants are federal employees or independent contractors.  *Port City Properties v. Union Pacific Railroad Company*, 518 F.3d 1186, 1189 (10th Cir. 2008) ("The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.").

In conclusion, then, the Court AFFIRMS AND ADOPTS the Magistrate Judge's recommendation (Doc. # 3) to the extent it recommends dismissal of Plaintiffs' suit against the United States and the other Defendants under the FTCA.  However, to the extent it recommends dismissing the *entire* case, the recommendation is REJECTED.

To resolve the question of jurisdiction, Plaintiffs are ORDERED to file an amended pleading with the Court within 30 days detailing the proper basis, if any, for subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). In other words, if Plaintiffs' theory is that defendants are independent contractors, and they have evidence to

support that theory, for their suit to survive in this Court, they must so allege.  *See* F.R.Civ.P. 8(a)(1) (a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction.").  Failure to file such an amended complaint within 30 days will result in dismissal of this case.

DATED:  October   30  , 2009

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge